UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ZERO TOLERANCE ENTERTAINMENT,
INC.
9035 Independence Ave.
Canoga Park, CA 91304

    Plaintiff,

          v.

DOES 1-45,

    Defendants.

------------------------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER**

**12 Civ. 1083 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On February 10, 2012, Zero Tolerance Entertainment, Inc. ("Zero Tolerance") filed this lawsuit against forty-five unnamed individuals, alleging that they have all used the peer-to-peer file sharing protocol BitTorrent to download and share the copyrighted pornographic film Grand Theft Anal 11. When it filed the lawsuit, Zero Tolerance did not know the names of defendants but did have the internet protocol ("IP") addresses from which the film was allegedly shared. On February 24, 2012, I granted Zero Tolerance's request to begin discovery by serving subpoenas on various internet service providers ("ISPs") in order to obtain the identifying information of the people to whom the ISPs assigned those IP

1

addresses. Since then, Zero Tolerance has served subpoenas on the ISPs, received identifying information for thirteen of the forty-five Doe defendants, "notified" those thirteen of the lawsuit, and is now waiting to receive contact information for the remaining thirty-two defendants.[1] Because the ISPs are slow in responding to its subpoenas, Zero Tolerance has requested an extension, by sixty days, of the deadline by which it must serve defendants with the summons and complaint.[2]

Yesterday, in a different lawsuit also filed by counsel to Zero Tolerance against twenty unnamed individuals for sharing copyrighted pornography using BitTorrent technology, I severed the claims against all but the first Doe defendant.[3] For the reasons explained in greater detail by Judge Colleen McMahon in *Digital Sin, Inc. v. John Does 1-245* – in which the plaintiff was also represented by Zero Tolerance's counsel here – I *sua sponte* rejected plaintiff's attempt to join numerous defendants together in one lawsuit based on the allegation that they had unlawfully uploaded the same digital file using the same technology. I explained that, in this Circuit, the allegation that defendants have merely committed the same violation in the same way does not satisfy the standard

---

[1] Plaintiff's Application Pursuant to Rule 4(m) for Enlargement of Time to Serve Defendants as Well as Status Report ("Application") at 2-3.

[2] *See id.*

[3] *See SBO Pictures, Inc. v. Does 1-20*, 12 Civ. 3925 [Docket No. 4].

for permissive joinder because there are "no litigation economies to be gained from trying what are in essence [forty-five] different cases together"[4] and there is no evidence that the Doe defendants conspired or coordinated their activities in any way. In addition, I explained that because of plaintiff's counsel's method of litigation, it is unclear that the Court has *in personam* jurisdiction over defendants or that this is the proper venue in which to sue defendants.[5] Finally, I noted that because early discovery has been used repeatedly in cases such as this one to harass and demand of defendants quick settlement payments, regardless of their liability,[6] a heightened degree of supervision over early discovery is appropriate.

The same approach is called for in this case. I therefore *sua sponte* sever the claim against Doe 1 from the claims against Does 2-45 and dismiss the

---

[4] *Digital Sin, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012).

[5] Zero Tolerance says that "[b]y using geo-location technology, Plaintiff has attempted to ensure that the IP addresses are likely within the geographic location of the Court." Complaint ¶ 14. As Judge McMahon has explained, attempting to ensure likelihood of jurisdiction is insufficient. The geographic area of the Court "includes portions of the States of New Jersey and Connecticut – as well as areas of New York that are located in Brooklyn, Queens and on Long Island, all of which lie in the Eastern District of New York. The former fact gives rise to concerns about personal jurisdiction; the latter, to venue questions." *Digital Sin*, 2012 WL 1744838, at *5.

[6] *See In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11 Civ. 3995, 2012 WL 1570765 (E.D.N.Y. May 1, 2012), for an extended discussion of this problem.

3

later without prejudice. The subpoenas seeking information regarding Does 2-45 are hereby quashed. Because Zero Tolerance – with this Court's earlier permission – has already engaged in discovery, the following remedial steps are necessary:

*First*, within twenty-four hours of the issuance of this Order, counsel to Zero Tolerance is instructed to send all defendants (except Doe 1) for whom he has contact information a letter containing the following statement:

> "The Court has dismissed all of Zero Tolerance's claims against you because its lawsuit did not comply with the Court's rules. This means that you are under no legal obligation to Zero Tolerance and are not currently required to pay Zero Tolerance any money. Zero Tolerance does have the right to file a new lawsuit against you.
>
> If Zero Tolerance chooses to bring a new lawsuit, you will be served with a new summons and complaint. You will have the opportunity to appear in Court – either with an attorney or without one and either in person or by letter – to dispute the allegations against you. You may be permitted to dispute the allegations anonymously. You may also decide to settle the matter. However, Zero Tolerance may choose not to bring a new lawsuit. In that case, you will not need to do anything further.
>
> Again, you have been dismissed from this lawsuit. You do not need to take any further actions with respect to this lawsuit."

Zero Tolerance shall enclose with each notice to the identified defendants a copy of this Order. If counsel receives contact information for any Doe defendant after the issuance of this Order, he shall within twenty-four hours of receipt send the above statement and this Order to the defendant. *Second*, within

twenty-four hours of the issuance of this Order, counsel to Zero Tolerance shall send a copy of this Order to each ISP and inform the ISP that the subpoenas for Does 2-45 have been quashed and should be ignored.

Zero Tolerance's request for an extension of time to serve Doe 1 is denied. Counsel is instructed to inform the Court by letter whether Doe 1 has been served by the 120-day deadline of June 10, 2012.

Zero Tolerance may refile the claims against Does 2-45 as individual cases against individual defendants, in which case counsel is cautioned that he must comply with Local Civil Rule 1.6(a) and Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York. As to discovery regarding both Doe 1 and any other Doe defendants against whom claims are re-filed, I adopt the procedures of Judge McMahon and Magistrate Judge Brown:

> Should plaintiff choose to re-file actions against any of the severed defendants (which actions must be referred to this Court under the rules of this court as related to a prior pending action seeking the same relief against the same party, *see* Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York), any effort to take discovery prior to service must follow the sensible protocol adopted by Magistrate Judge Brown in *In re BitTorrent Adult Film Copyright Infringement Cases:*
>
> 1. Subpoenas may not issue seeking the telephone numbers or email addresses of the individuals who are assigned a particular IP

address. Within seven days of service of each subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not plaintiff) with a copy of the subpoena and a copy of this order (which plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.

2. An ISP may move to quash or otherwise object to any subpoena within 21 days. Similarly, each potential defendant shall have 21 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

3. Absent motions to quash, the ISPs shall produce the information sought to the Court, not to plaintiff, within 21 days after notifying each defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to plaintiff's counsel by the Court. No such disclosure shall include any email addresses or telephone numbers

4. Plaintiff may use the information disclosed, once it is received by plaintiff's counsel, only for the purpose of litigating the instant case. . . .[7]

## CONCLUSION

Defendants Does 2-45 are dismissed without prejudice. Zero Tolerance's motion for an extension of the time to serve the summons and complaint is denied. The Clerk of the Court is directed to close this motion [Docket No. 6].

---

[7] *Digital Sin*, 2012 WL 1744838, at *6-7.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  June 5, 2012
        New York, New York

## - Appearances -

**For Plaintiff**:

Mike Meier
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
(888) 407-6770